### Cyrus S. Morehouse v. Allen Lester Fowler.

1. PLEADING—*The Rule Requiring Certainty in Pleas Applied.*—The defendant in a suit brought by the assignee of a promissory note filed a plea alleging that he had executed a lease of certain premises to the payee of the note; that payment of part of the rent provided for had been released; that desiring to assign the lease as originally executed he had made the note sued on in consideration of an agreement of the payee to pay the rent provided for by the lease, and to perform its covenants; that the lease had been assigned; that the plaintiff knew these facts when he purchased the note, and that the payee had failed to pay the rent provided for by the lease or to perform its covenants. The plea failed to show that the lessee had notice to whom he should pay the rent or to state the nature of the covenants which he had failed to perform. *Held,* that the plea was uncertain and insufficient and that a demurrer was properly sustained.

2. SAME—*Failure of Consideration Under the General Issue.*—In an action on a promissory note, where the common counts are contained in the declaration, if the note is read in evidence under the common counts, the defense of a want or failure of consideration may be shown under the general issue.

Morehouse v. Fowler.

Assumpsit, on a promissory note.   Appeal from the Superior Court of Cook County; the Hon. Jonas Hutchinson, Judge, presiding.   Heard in this court at the October term, 1896.   Affirmed.   Opinion filed March 8, 1897.

### Statement of the Case.

This suit was commenced on the 10th day of January, A. D. 1896, by filing a præcipe in the Superior Court of Cook County.

On the 24th day of January, 1896, a declaration was filed containing a special count, in which was set out the instrument sued upon; also the common counts.

The instrument sued upon is as follows:

"$350.                    Chicago, Illinois, October 5, 1895.

January 1, 1896, after date, I promise to pay to Lucy E. Jordan, three hundred and fifty dollars, payable at Chicago, Illinois, value received.

C. S. Morehouse."

Indorsed on back of the note:

"Pay to the order of Allen Lester Fowler.

Lucy E. Jordan."

Wm. E. O'Neill, attorney for appellant.

Masterson & Haft, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

Appellant filed a special plea, in effect, that July 31, 1895, he, as owner of the hotel Alabama, leased the same for $350 per month; that afterward he agreed to temporarily reduce this rent to $200 per month.   That thereafter, while the lease was in force, he went to the lessees and agreed with them that if they would pay the person to whom he " was about to sell or had sold said premises," the full amount of the rent, viz., $350, and perform all other covenants in said lease, he would pay said lessees the sum of $700; and thereupon, in consideration that said lessees would perform the covenants in the said lease mentioned, appellant executed two notes for $350 each, one of which is the note in suit.

That said lessees have failed to perform the covenants of said lease, and have failed to pay the rent provided therein, as they agreed to do, by reason whereof the consideration of said note has wholly failed. All of which was known to the plaintiff when he purchased said note.

A special demurrer to this plea was sustained, and a judgment in the sum of $351.17 entered for the plaintiff.

The sustaining of the demurrer to this plea is said to have been error.

The plea in question fails to show who the person is to whom appellant, as the plea states, sold the premises, or that the lessees had notice to whom they should pay the rent, and thus could pay. Nor does the plea set forth the covenants of the lease, and thus apprise the plaintiff of the nature of the covenants which the lessees failed to perform. The plaintiff was not a party to the lease or covenants, and consequently is not in this suit to be presumed to have notice of such covenants.

It is a fundamental rule of pleading, that a special plea in bar must be certain, and that whatever is alleged in pleading must be alleged with certainty. Stephens on Pleading, 9th Am. Ed., 132 and 384; Chitty on Pleading, 16th Am. Ed., Vol. 1, p. 560; 1 Saunders, 271, note 1.

Greater certainty is sometimes required in a plea in bar than in a declaration. As in debt or bond conditioned for the performance of several special things, the defendant pleaded "*performanit omnia,*" etc. Upon demurrer, this was adjudged insufficient, "for the particulars being expressed in the condition, he ought to plead each particularly by itself." Wimbledon v. Holdriss, 1 Lev. 303.

So in debt on bond conditioned for the payment of thirty pounds to H. S., J. S. and A. S., when they should come to the age of twenty-one years, the defendant pleaded that he paid those sums as they came of age; the plaintiff demurred because the plea did not set forth when they became of age and the certain times of payment; which demurrer was sustained because, as Lord Coke said, "he ought to plead in certainty the time, place and manner of the performance of

the condition, so that a certain issue may be taken." Halsey v. Carpenter, Cro. Jac. 359.

The plea under consideration gave to the plaintiff no information as to what the covenants were which the lessees had failed to perform; he was left in ignorance of what the issue was which he was called upon to join in and try.

Had issue been joined on this plea, it might have been held good after verdict. Chitty on Pleading, Vol. 1, 561, 16th Am. Ed.; Moore v. Jones, 16 Ld. Raymond, 1539; Baynon v. Battey, 8 Bing. 256.

The demurrer was properly sustained.

Where, in an action upon a promissory note, the common counts are contained in the declaration, if the note is read in evidence under the common counts, the defense of a want or total failure of consideration may be shown under the general issue. Wilson et al. v. King, 73 Ill. 232–236.

In the present case, the common counts were, with a special count upon the note, set forth in the declaration.

The proceedings upon the trial are not shown, there being no bill of exceptions.

For aught that appears, the note in question was offered and received in evidence only under the common counts, in which case the defendant could have shown that there had been a total failure of the consideration for which the note was given.

The judgment of the Circuit Court is affirmed.